## SUPREME COURT.

### THE NORTH RIVER INSURANCE COMPANY agt. RACHEL SNEDIKER and others.

Under a judgment in an action for *foreclosure and sale* of mortgaged premises, the mortgagor has no right of *redemption*—consequently has no right of *possession* of the mortgaged premises for a *year* after the sale.

*Mortgagors* have a right to redeem in "*sales under execution,*" *in personal actions ;* and had this right prior to the act of 1847, (*passed Nov.* 20, 1847,) which extended the right of redemption to *holders of liens by mortgage,* in the same manner as to liens by judgment or decree.

*New York Special Term, March,* 1854.

THIS was an action brought for the foreclosure and sale of mortgaged premises in the city of New York. Judgment of foreclosure and sale was rendered for the plaintiffs on the 30th July, 1853 ; and the premises were sold under said judgment,

upon due notice, by the sheriff, to Charles Parsons, of the city of New York, who was the highest bidder, and became the purchaser; and to whom the sheriff, on the 26th Oct., 1853, executed a deed of the premises; which deed had been duly recorded. On the 28th of January, 1854, Parsons demanded possession of said premises from the defendant, Rachel Snediker, (widow of the mortgagor, and who executed the mortgage with her husband,) who was then in possession. She refused to deliver possession—claiming that she had a right to occupy the premises for the same length of time after the sale upon a foreclosure, as upon a sale by the sheriff under an execution—(one year.) Parsons now moved for a writ of assistance, to be put into possession of said premises. The motion was opposed by Mrs. Snediker.

ARCHIBALD HILTON, *for Parsons.*

S. F. CLARKSON, *for Mrs. Snediker.*

ROOSEVELT, Justice. One of the defendants in this case, the wife of the mortgagor, although she joined in the mortgage, refuses to yield possession of the mortgaged premises, notwithstanding the foreclosure. Her counsel insists that, like a judgment debtor after a sale on execution, she has the right of *redemption*, and the consequent right of possession for twelve months after the sale. If such be a correct view of the present state of the law, both bar and bench, and the whole community, have been laboring under a serious error for the last six years.

The mortgage redemption act was repealed, it is admitted, as early as 1838; but the legislature, by an act, it is said, passed Nov. 20, 1847, " to amend title five of chapter six of the third part of the Revised Statutes," inadvertently, it may be, restored the privilege. In that act, it was declared that " *all* the provisions of the said title shall extend and apply to *liens by mortgage*, in the same manner as they do to liens by judgment or decree." Now, among the provisions of the title referred to, is that which gives to judgment debtors the right of redemption. And hence it is inferred that, by the act of 1847, the same right of re-

demption is extended to debtors by mortgage. The answer is, that every law must be construed according to its subject matter. The title in question, by its very terms, had reference exclusively to " personal actions," as understood before the Code, and to " executions against property," in such actions. It had no reference to equity suits, or to sales on foreclosure, except in a single particular—a junior creditor by chancery decree, not of foreclosure, but for the recovery of a specific sum of money, was placed upon the same footing, in respect of the right of redemption, as a junior creditor by ordinary common law judgment. Both were treated as alike holding liens on the premises sold under the older execution, and alike entitled to redeem as against such sale. It was soon discovered, however, that a lien by mortgage, where no decree had been obtained, possessed at least as strong claims, in respect of the privilege of redemption, as either of the other two. And accordingly the fifty-first section of the title in question was amended by inserting, after the words " any creditor having a decree: or judgment," the words " or having a mortgage duly recorded." Having done this, it became obviously necessary that all the other provisions, some twenty odd in number, which related to " liens by judgment or decree," should be " extended, and applied to liens by mortgage :" such, for instance, as allowing a redemption of one or more of several lots, or of an undivided share of a single lot or parcel, and defining the time when the title of the judgment debtor shall be divested, and how the redeeming creditor may himself be subjected to redemption in favor of some other holder of a like lien, and how the sheriffs' deeds are to be given, and when, and to whom, &c. The object of the act was to provide for the holders, and not for the givers of mortgages, and in cases not of foreclosure, but of " sales under execution " in personal actions. Mortgagors had already a right to redeem as against such sales, and this act extended the right to mortgagees. The former, too, for twelve months had the preference—the rights of the latter, even by the amendment, could only be exerted after the former had, by his omission, signified a determination to forego the

privilege. If the mortgage debtor would not, or could not re-deem from the execution sale, there seemed a peculiar fitness in allowing the mortgage creditor to save himself, and, in doing so, virtually to save the debtor. In other words, the evil to be remedied was obvious, and the act to effect it should, therefore, be so construed as to attain that end, and not an end never dreamed of by its framers, and never imagined, as I believe, by any of its expounders—until now. New discoveries, whether real or imaginary, are calculated to flatter the natural vanity of man. But, in the interpretation of laws made for a busi-ness community, and by business legislators, such discoveries are to be lightly received. Cotemporaneous and long con-tinued, uninterrupted exposition is a safer guide. The inten-tion of the law-maker is the law; and, in a republic like ours, the best evidence of that intention is the practical exposition of the whole community.

The motion of the purchaser, therefore, for a writ of assist-ance to compel the immediate delivery of possession must be granted, with costs.